UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRUCE ANTHONY McPHERSON,<br><br>Plaintiff,<br><br>v.<br><br>RAUL MORALES, et al.,<br><br>Defendants. | Case No.: 1:26-cv-04444-EGC (PC)<br><br>**ORDER TO SHOW CAUSE (1) WHY PLAINTIFF'S COMPLAINT SHOULD NOT BE DISMISSED AS FRIVOLOUS AND (2) WHY PLAINTIFF SHOULD NOT BE DEEMED A VEXATIOUS LITIGANT**<br><br>**30-Day Deadline** |

Plaintiff Michael Bruce Anthony McPherson[1] is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

## I.    INTRODUCTION

Plaintiff filed a complaint (Doc. 1) and an application to proceed *in forma pauperis* (IFP) (Doc. 2) on June 10, 2026. In the complaint, Plaintiff alleges a conspiracy between Raul Morales, Warden at the California Substance Abuse Treatment Facility (SATF) in Corcoran, California, and United States Magistrate Judge Christopher D. Baker. As Plaintiff has filed numerous civil rights actions in this Court, including actions dismissed as frivolous, the undersigned will order Plaintiff to show cause why his complaint should not be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b) and to show cause why he should not be deemed a vexatious litigant.

## II.    PRELIMINARY SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

---

[1] Plaintiff is also known to this Court as Makal Brusamtone Makfarsan and Makal B. Mkfarson.

The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### III.    PLAINTIFF'S COMPLAINT

Plaintiff names Warden Morales and Magistrate Judge Baker as defendants in the action. (Doc. 1 at 1-2.) Asked to state the constitutional or other federal civil right violated, Plaintiff states: "Conspiracy to kill me and interfere with my civil rights." (*Id*. at 3.) He identifies the issue involved as "Threat to safety." (*Id*.)

Plaintiff alleges that on the afternoon of May 27, 2026, a correctional officer named "Ramiraz" in the "'upper yard'" "got word that the warden is 'plotting to kill me conspiracy with a federal judge,' (Christopher D. Baker)." (Doc. 1 at 3.) Plaintiff alleges the correctional officer heard this from "the captain in 'the program office'" but could not give Plaintiff any further information. (*Id*.) Plaintiff states he replied to the correctional officer, "'For real,' all because I'm asking for my release; that don't make no sense?" (*Id*.) Officer Ramiraz then stated, "I don't know. I don't know who you are or what you did, I'm just letting you know what I've heard and its really messed up trying to kill a blind man." (*Id*.) Before leaving, the officer advised Plaintiff: "Be careful because that's wrong, because you don't even bother no one." (*Id*.)

Plaintiff asserts his injuries include emotional distress and being scared, confused and nervous. (Doc. 1 at 3.) Plaintiff seeks the following relief: "A conviction on Raul Morales and Christopher D. Baker, my release, and compensation." (*Id*. at 6.)

### IV.    DISMISSAL BASED ON FRIVOLOUSNESS

A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989) (finding claims may be dismissed as "frivolous" where the allegations are "fanciful" or "describe[e] fantastic or delusional scenarios"). "The Court may ... dismiss a claim

2

as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless." *Howell v. Johnson*, No. 2:21-cv-0997-CKD P, 2021 WL 3602139, at *1 (E.D. Cal. Aug. 13, 2021) (citing *Neitzke*).

Title 42 of the United States Code section 1985 proscribes conspiracies to interfere with certain civil rights. A section 1985 claim "must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir.1988). A conspiracy occurs only when the parties have reached "a unity of purpose or a common design and understanding, or a meeting of minds in an unlawful arrangement." *American Tobacco Co. v. United States*, 328 U.S. 781, 809-10 (1946).

"To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980). "To bring a cause of action successfully under § 1985(3), a plaintiff must demonstrate a deprivation of a right motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002).

Here, Plaintiff fails to state a cognizable conspiracy claim. *Karim-Panahi*, 839 F.2d at 626; *American Tobacco Co.*, 328 U.S. at 809-10. Plaintiff has not alleged the conspiracy deprived him of equal protection of the law or of equal privileges and immunities under the law and has failed to allege any act in the furtherance of the conspiracy. *Gillespie*, 629 F.2d at 641. Moreover, he has alleged no class-based discrimination or discriminatory intent, has pleaded no facts supporting such a claim, and has offered no allegation upon which a finding of discriminatory intent could be based. *RK Ventures, Inc.*, 307 F.3d at 1056.

Further, the Court finds Plaintiff's claim is frivolous. It is based solely on a purported conversation Plaintiff had with a correctional officer. It alleges facts that rise "to the level of the

3

irrational or the wholly incredible" or are fanciful by claiming a conspiracy exists between the warden at SATF and a federal magistrate judge to have Plaintiff killed because he has sought release from custody. *Denton*, 504 U.S. at 32-33; *Neitzke*, 490 U.S. at 325, 328. The undersigned concludes that Plaintiff's "factual contentions are clearly baseless" and are subject to dismissal. *Howell*, 2021 WL 3602139, at *1.

## V.   JUDICIAL NOTICE

The Court takes judicial notice of the following actions[2] filed by Plaintiff and dismissed by the Court as frivolous:

1. 2:20-cv-01206-JAM-EFB, *McPherson v. Barr*; dismissed 11/14/2020
2. 1:25-cv-01026-KES-SKO, *McPherson v. CDCR*; dismissed 5/4/2026
3. 1:25-cv-01643-JLT-SAB, *Mkfarson v. USA*; dismissed 4/9/2026
4. 1:25-cv-01888-KES-SAB, *Mkfarson v. DOJ*; dismissed 4/6/2026
5. 1:26-cv-00707-JLT-CDB, *McPherson v. Bonta*; dismissed 5/22/2026
6. 1:26-cv-00708-KES-EPG, *McPherson v. Royal Family of England*; dismissed 4/6/2026
7. 1:26-cv-01020-KES-SKO, *Makfarsan v. Federal District Courts*; dismissed 4/7/2026
8. 1:26-cv-01022-KES-SAB, *Makfarsan v. Federal Government*; dismissed 4/6/2026

*See Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts"); *Chandler v. United States*, 378 F.2d 906, 909 (9th Cir. 1967) ("[A] federal district court can take judicial notice of its own records, and this is the established rule").[3]

## VI.   DEEMING A LITIGANT VEXATIOUS

Pursuant to the All Writs Act (*see* 28 U.S.C. § 1651), federal courts may "regulate the activities of abusive litigants by imposing carefully tailored restrictions under … appropriate

---

[2] Plaintiff has filed more than two dozen actions in this Court.

[3] Further, the following actions filed by Plaintiff and identified by case number only are presently pending dismissal as frivolous: 1:26-cv-03088-KES-BAM; 1:26-cv-03465-JLT-BAM; 1:26-cv-03466-KES-EGC; 1:26-cv-03497-KES-BAM; 1:26-cv-04156-KES-EGC; 1:26-cv-04157-JLT-HBK; 1:26-cv-04158-JLT-BAM; 1:26-cv-04159-JLT-EGC; 1:26-cv-04161-JLT-CDB.

circumstances." *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (quoting *DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *DeLong*, 912 F.3d at 1148; *see also Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

A court may issue an order declaring a litigant to be a vexatious litigant and require the litigant to seek permission from the court prior to filing any future suits. *See Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999); *DeLong*, 912 F.2d at 1146-47. To issue such an order, the court must ensure that: (1) the petitioner was given adequate notice to oppose a restrictive pre-filing order; (2) there is an adequate record of case filings to show the petitioner is abusing the judicial system; (3) there are substantive findings as to the frivolousness or harassing nature of the petitioner's filings; and (4) the order is narrowly tailored to remedy only the petitioner's particular abuses. S*ee O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990); *DeLong,* 912 F.2d at 1147-49. In determining whether to declare a litigant vexatious, the court should consider: "(1) the litigant's history of litigation and whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation . . .; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Molski*, 500 F.3d at 1058 (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

Here, Plaintiff has a history of vexatious and harassing lawsuits. Plaintiff has filed numerous lawsuits without counsel. Nine actions have been dismissed as frivolous and nine more are pending dismissal as frivolous. Plaintiff's numerous filings pose an unnecessary burden on this Court and its personnel. Considering Plaintiff's litigation history, the undersigned does not believe other sanctions would be adequate to protect the Court or other parties. Therefore, Plaintiff will be ordered to show cause why he should not be declared a vexatious litigant in this district. *DeLong*, 912 F.3d at 1148; *Molski*, 500 F.3d at 1058.

If Plaintiff is found to be a vexatious litigant, the undersigned may recommend that a pre-filing order be issued requiring Plaintiff to obtain leave of court before filing any prisoner civil rights action or may recommend lesser sanctions under Rule 11 of the Federal Rules of Civil Procedure. In the event Plaintiff is deemed a vexatious litigant, Plaintiff will be required to submit a copy of the Court's vexatious litigant order and a copy of the proposed filing with any motion seeking leave of Court to file a new prisoner civil rights action.

**VII.     CONCLUSION AND ORDER**

Accordingly, the Court **HEREBY ORDERS** that:

1. **Within 30 days** of the date of service of this order, Plaintiff **SHALL** show cause in writing:

    a.   Why this action should not be dismissed as frivolous; and

    b.   Why he should not be deemed a vexatious litigant; and

2. **Any failure by Plaintiff to comply with this Order may result in a recommendation that this action be dismissed pursuant to Local Rule 110**.

IT IS SO ORDERED.

Dated:   **June 11, 2026**   _____

UNITED STATES MAGISTRATE JUDGE

6